IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UHURU'SEKOU KAMARA AJANI
OBATAIYE-ALLAH,

    Plaintiff,

v.

GILBERTSON, et al.,

    Defendants.

Case No. 2:19-cv-00135-JR

ORDER TO DISMISS

HERNÁNDEZ, Judge.

Plaintiff, an inmate at the Two Rivers Correctional Institution, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an order entered by the court this date, plaintiff was granted leave to proceed *in forma pauperis*. However, for the reasons set forth below, plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915(e)(2).

## BACKGROUND

Plaintiff alleges that defendants violated his rights by confiscating, damaging, and refusing to return to plaintiff certain items of personal property, including a pair of shoes plaintiff was authorized to possess pursuant to medical orders. Plaintiff alleges defendants' actions violated plaintiff's due process and equal protection rights, and that they constitute deliberate indifference. Plaintiff also alleges supplemental state law claims. By way of remedy, plaintiff seeks declaratory and injunctive relief, as well as money damages.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b). When a plaintiff is proceeding *pro se*, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a *pro se* civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A *pro se* litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## DISCUSSION

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege facts showing the deprivation of a right, privilege, or immunity secured by the Constitution or federal law by a person acting under color of state law. L.W. Grubbs, 974 F.2d 119, 120 (9th Cir. 1992); Collins v. Womancare, 878 F.2d 1145, 1147 (9th Cir. 1989).

The Due Process Clause protects prisoners from being deprived of property without due process of law. Wolff v. McDonald, 418 U.S. 539, 556 (1974). Moreover, prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). The procedural component of the Due Process Clause is not, however, violated by a random, unauthorized deprivation of property if the state provides an adequate post-deprivation remedy. Hudson v. Palmer, 468 U.S. 517, 533 (1984); Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam).

Here, plaintiff alleges defendants were responsible for returning his personal property and that the property was either lost or damaged. Plaintiff does not have a due process claim based on defendants' purportedly unauthorized deprivation of his personal property–whether intentional or negligent–because a meaningful state post-deprivation remedy for his loss is available. See Osborne v. Williams, Case No. CV. 09-1420-PA, 2010 WL 11537608, at *1 (D. Or. Jan. 12, 2010) (Oregon provides an adequate post-deprivation remedy in the form of the Oregon Tort Claims Act) (citing Or. Rev. Stat. § 30.260 *et seq.*); Patton v. Thomas, Case No. CV. 10-1333-MO, 2011 WL 837149, at *2 (D. Or. Mar. 3, 2011) (same). As a result, plaintiff fails to state a claim of deprivation of his due process rights upon which relief may be granted.

Plaintiff also fails to allege facts establishing a claim of discrimination. An equal protection claim may be established in two ways. The first method requires a plaintiff to show that the defendant has intentionally discriminated against him on the basis of his membership in a protected class. See, e.g., Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). Second, a plaintiff may establish an equal protection claim by showing that similarly situated individuals were intentionally treated differently without a rational relationship to a legitimate state purpose. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Here, plaintiff does not allege facts establishing a claim under either theory.

Plaintiff's claim of "deliberate indifference" likewise lacks the necessary facts. The Eighth Amendment affords prisoners protection against the "wanton and unnecessary infliction of physical pain," as well as against exposure to egregious physical conditions that deprive them of basic human needs. Rhodes v. Chapman, 452 U.S. 337, 347 (1981). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. Plaintiff's allegations of lost and damaged personal property do not impinge on a constitutionally protected basic human need and do not rise to the level of cruel and unusual punishment.

Moreover, to the extent plaintiff's complaint is construed as alleging a claim that defendants were deliberately indifferent to plaintiff's need for medically approved shoes, such a claim requires plaintiff to demonstrate a serious medical need, *i.e.*, that failure to allow the medically approved shoes could result in further significant injury or the unnecessary and wanton infliction of pain, and that the defendants' response to plaintiff's serious medical need was deliberately indifferent. Jett

4 - ORDER TO DISMISS

v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The defendants must be aware of facts from which they could make an inference that a "substantial risk of serious harm exists" and must actually make the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Plaintiff does not allege facts establishing these requirements.

Finally, plaintiff alleges claims that defendants violated his rights under state law. Although this Court may exercise supplemental jurisdiction of state law claims, a plaintiff must first have a cognizable claim for relief under federal law. See 28 U.S.C. § 1367. Here, the Court fails to find any cognizable federal claims plaintiff's Complaint. Accordingly, plaintiff's state law claims fail.

## CONCLUSION

Based on the foregoing, the Court DISMISSES plaintiff's Complaint. Plaintiff may file an amended complaint, curing the deficiencies noted above, within 30 days of the date of this order. Plaintiff is advised that failure to file an amended complaint shall result in the dismissal of this proceeding, with prejudice.

Because the Court does not find extraordinary circumstances warranting the appointment of counsel at this juncture, the Court DENIES plaintiff's Motion for Appointment of Counsel (ECF No. 8).

IT IS SO ORDERED.

DATED this ___ day of May, 2019.

Marco A. Hernández
United States District Judge